IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZENAIDA FALU, | : | Civil No. 3:21-CV-2061 |
| Plaintiff, | : | |
| v. | : | |
| KILOLO KIJAKAZI, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is the report and recommendation of United States Magistrate Judge Karoline Mehalchick recommending that the Commissioner's decision denying Plaintiff Zenaida Falu's ("Falu") claims for a period of disability and disability insurance under the Social Security Act be remanded for further consideration by an Administrative Law Judge ("ALJ") on the basis that the instant ALJ's decision was not based on substantial evidence due to a lack of medical opinion evidence. (Doc. 19.) The Commissioner objects that ALJ's do not need to rely on medical opinion evidence in order for their determination to be supported by substantial evidence. (Doc. 20.) For the reasons that follow, the court will adopt Judge Mehalchick's report and recommendation and remand the case to the Commissioner for further fact finding.

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Neither party objected to the facts or procedural history stated in the report and recommendation. Because the court gives "reasoned consideration" to these uncontested portions of the report and recommendation, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court will only restate the factual background and procedural history necessary for clarity in this opinion.

Falu filed an application for Social Security benefits on February 6, 2020, claiming disability due to lumbar radiculopathy, pinched nerves, neck pain which occasionally radiated into her bilateral shoulder blades, back pain which occasionally radiated into her lower back, issues with reaching overhead, sitting, standing, walking, maintaining a position for more than 30 to 90 minutes, sleep disturbances from these conditions, and nausea as a side effect of medication. (Doc. 19, pp. 1–2.)[1]

The Social Security Administration denied Falu's application on July 21, 2020 and denied reconsideration on November 13, 2020. (*Id.* at 2.) Thereafter, Falu requested a hearing with an ALJ which was held on March 30, 2021. After the hearing, on April 7, 2021, the ALJ issued a written opinion and determined that Falu was not disabled, and therefore not eligible for benefits. (Doc. 12-2, p. 25.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

As part of his conclusion, the ALJ determined that Falu's residual functional capacity ("RFC") meant she was only capable of doing "light work," as defined by the regulations.[2] (*Id.* at 18–24.) In reaching this determination, the ALJ discussed the medical records, as well as the opinions of two state agency medical consultants. (*Id.*) Specifically, and relevant to the instant objections, the ALJ opined:

> As for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources. The undersigned has fully considered the medical opinions and prior administrative medical findings as follows:
>
> The State agency medical consultant on initial review opined that there was insufficient evidence to evaluate the claim (1A). The undersigned finds this opinion not persuasive, as the evidence of record, including diagnostic imaging and physical examinations prior to the date last insured were sufficient to evaluate the claim.
>
> The State agency medical consultant on reconsideration opined that the claimant could occasionally and frequently lift and carry up to twenty-five pounds (3A). The undersigned finds this opinion not persuasive, as it is generally inconsistent with and not supported by the evidence of record and appears to be an overestimate of the claimant's physical functional capabilities. More specifically, diagnostic imaging

---

[2] 20 C.F.R. § 404.1567(b) provides:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

>confirmed degenerative disc disease at multiple levels of the spine and physical examinations were positive for tenderness, hypoesthesia in the left lower extremity, reduce strength in the right upper extremity, and reduced and painful range of motion in the right shoulder. These findings, considered with the claimant's subjective reports, to the extent that they are supported by the objective evidence, supports greater physical functional limitations.

(Doc. 12-2, pp. 21–22.)

After reaching this conclusion, the ALJ further concluded that Falu was able to participate in "light work" and therefore, was not under a disability that entitled her to benefits. (*Id.* at 24.) The Appeals Council denied Falu's request for review of the ALJ's decision on October 6, 2021, rendering the ALJ's decision final. (*Id.* at 2.)

Falu initiated the instant action by filing a complaint on December 8, 2021. (Doc. 1.) The Commissioner filed an answer and the transcript of the entire record from the ALJ proceedings on February 24, 2022. (Docs. 11, 12.) Falu timely filed her brief supporting her request for review on April 11, 2022. (Doc. 13.) After being granted an extension of time, the Commissioner filed her brief on May 16, 2022. (Doc. 17.) Falu filed a reply brief on May 31, 2022. (Doc. 18.)

Thereafter, on December 28, 2022, Magistrate Judge Mehalchik entered her report and recommendation, recommending that the Commissioner's decision be vacated, and the case remanded in order for the Commissioner to more fully develop the record. (Doc. 19.) The Commissioner filed objections on January 10,

2023. (Doc. 20.) Falu did not respond to the Commissioner's objections. This matter is now ripe for review.

## STANDARD OF REVIEW

### A. Review of Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review of a magistrate judge's report and recommendation is not required where no objections to the report and recommendation have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only

required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition). De novo review is also not required where a party raises only general objections to the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6.

### B. Social Security Disability Evaluation by an ALJ and the Substantial Evidence Standard

An ALJ considering an application for social security disability benefits must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant meets or equals an impairment listed under the Social Security regulations; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience, and RFC. 20 C.F.R. § 404.1520(a)(4). The claimant's RFC must be determined as part of step four of the analysis. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 n.2 (3d Cir. 2019).

Although the court reviews the ALJ's legal conclusions under a de novo standard of review, its review of the ALJ's factual findings is limited to determining whether they were supported by substantial evidence. *Poulos v.*

*Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *see also* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. \_\_, 139 S. Ct. 1148, 1152–54 (2019). "Substantial evidence is defined as 'more than a mere scintilla;' it means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Thomas v. Comm'r of Sec. Sec. Admin.*, 625 F.3d 798, 800 (3d Cir. 2010) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d. Cir. 1999)). To meet this standard, the ALJ must "set forth the reasons for his decision because conclusory statements are 'beyond meaningful judicial review.'" *Id.* (quoting *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d. Cir. 2000)).

## DISCUSSION

In her report and recommendation, Judge Mehalchick addresses only the issue of whether the ALJ's RFC determination was not supported by substantial evidence because it did not rely on a medical expert's opinion. (Doc. 19, p. 9.)[3] After reviewing the relevant law and regulations regarding an ALJ's assessment of a claimant's RFC, Judge Mehalchick opined that, "[i]n this case, because the ALJ discounted all medical opinions and there was no medical opinion on which the ALJ relied to find Falu's RFC limitations, it follows that the ALJ necessarily relied upon his own lay interpretation of Falu's medical evidence." (*Id.* at 15.)

---

[3] In her brief in support of her appeal of the Commissioner's disability determination, Falu also argued that the RFC determination was not supported by substantial evidence because the ALJ did not perform a function-by-function analysis, and because the ALJ erred in evaluating her subjective symptoms. (Doc. 13.)

The Commissioner objects that the ALJ's decision should be reviewed on a case-by-case basis and that, in this case, the ALJ found the medical opinion evidence unpersuasive and then crafted an RFC that was more restrictive than any RFC opined by a medical expert. (Doc. 20, p. 9.) The Commissioner also objects to Judge Mehalchick's interpretation of the law on this issue, arguing that an ALJ is not required to rely on medical opinion evidence, as the ALJ is the ultimate decisionmaker regarding a claimant's RFC. (*Id.* at 14.) The Commissioner then asks this court to find that the ALJ's decision as a whole is supported by substantial evidence and affirm the ALJ's decision in its entirety. (*Id.* at 21.)

The court will first address the arguments regarding the applicable law. The Commissioner first objects to Judge Mehalchick's reliance on *Doak v. Heckler*, 790 F.2d 26 (3d. Cir. 1986), arguing that, in more recent years, the Social Security Administration has updated its regulations to allow an ALJ to reach an RFC determination without obtaining a medical expert opinion, and the Third Circuit has subsequently explained that an ALJ is not required to rely on medical expert opinions. (Doc. 20, p. 19.) Although *Doak* was decided prior to the regulations currently used by the Agency, the conclusion that an ALJ's RFC determination cannot be made without a persuasive medical opinion in the record is supported by the new regulations as well. 20 C.F.R. § 404.1520c(a) allows an ALJ not to defer or give any specific weight (such as controlling) to any medical opinions. The

regulations do not provide that an ALJ can completely discard the medical opinions in the record and reach their own interpretation of the other medical evidence.[4]

The Commissioner further objects to Judge Mehalchick's interpretation of the Third Circuit's decision in *Chandler v. Commissioner of Social Security*, 667 F.3d 356, 362 (3d. Cir. 2011), in which the Third Circuit overturned a district court's determination that an ALJ had improperly relied on a medical expert's report that was not recent in time to the ALJ's determination. In *Chandler*, the Third Circuit concluded that the district court improperly discarded a particular medical expert's opinion, and further held that ALJs may make "RFC determinations without outside medical expert review of each fact incorporated into the decision. Although reliance on State consultants' and treating physicians' opinions is common and ALJs are required to consider existing State consultant reports, the regulations do not require ALJs to seek outside expert assistance." *Id.* at 362 (citations omitted).

---

[4] Further, the Commissioner appears to conflate the concept of the ALJ being the determiner of the RFC, as the Third Circuit held in *Chandler*, with the concept of an ALJ's determination being without substantial evidence due to a lack of medical opinions in the record. Holding that an ALJ must rely on some medical expert's opinion to interpret the medical evidence before them does not necessarily mean that a doctor is now determining the RFC. Rather, such a holding safeguards that an ALJ's ultimate RFC determination is reached with the benefit of a medical expert's opinion. Without any medical opinion instructing the ALJ on how to interpret the medical evidence in the record, the ALJ is left to his own lay impression of how the medical evidence should be interpreted.

*Chandler* is distinguishable from the case at hand because the ALJ in *Chandler* had the benefit of a medical expert's opinion. *Chandler*, 667 F.3d at 362–63. On the contrary, the ALJ here found the only medical opinions in the record unpersuasive and did not rely on any medical expert opinion at all in crafting the RFC. (Doc. 12-2, p. 23.) While *Chandler* certainly holds that an ALJ is not required to call in an outside expert, reading it to mean that an ALJ is not required to support their RFC determination with any medical expert opinion of record construes it beyond its facts. As courts in the Middle District have commonly held, "[r]arely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant." *Maellaro v. Colvin*, No. 3:12-cv-1560, 2014 WL 2770717, at *11 (M.D. Pa. June 18, 2014). On the whole, the case law and regulations instruct that, while an ALJ's RFC determination does not need to mirror a particular medical expert's opinion, it cannot be made without the benefit of *any* medical expert's opinion. *See Burns v. Colvin*, 156 F. Supp. 3d 579, 589 (M.D. Pa. 2016); *Morrison v. Kijazaki*, No. 1:21-cv-063, 2022 WL 8288491, at *18 (M.D. Pa. July 5, 2022).

Finally, turning to the objection regarding the specific facts of this case, we recognize that the ALJ here crafted an RFC that was more restrictive than any limitation proposed by a medical expert. However, that determination was still

10

reached without the benefit of any medical expert opinion, contrary to established law.

## CONCLUSION

Therefore, the court will overrule the Commissioner's objection and adopt Judge Mehalchick's report and recommendation in its entirety. The Commissioner's decision will be vacated, and the case remanded to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 26, 2023